SPENCER, J. I think they ought to stipulate. There is a verdict in favour of the defendants which, till the contrary is shown, we ought to think correct‑ly given.

## Nicholas Bradt v. Bethuel Way and Hannah his Wife.

VAN ANTWERP moved for judgment as in case of nonsuit, for not proceeding to trial according to notice.

*Van Yeveren* read an affidavit stating, that pre‑vious to the circuit, arbitration bonds had been en‑tered into by the parties in the suit, and an award made.

*Per Curiam.* Let the defendant take nothing by his motion, and pay the costs of resisting this appli‑cation.

*N. B. It seems that wherever the affidavits contra, disclosed circumstances that clearly show the applica‑tion noticed will be ineffectual, costs for resisting will follow the denial.*

## Jared Stocking v. Elliot Driggs.

ERROR on a *certiorari* upon a judgment in a jus‑tice's court.

From the return, it appeared that the action be‑low was brought against the now plaintiff, as the

Aug. Term,
1804.
maker of a promissory note for 20 dollars ; that after a plea of non-assumpsit, the defendant below prayed an adjournment, which being granted, the plaintiff, *Driggs*, appeared on the day given. ' The record then went on thus : " And the defendant not appear- " ing, although solemnly called, I, the said justice, " proceeded on the *producing the said note* by the " said plaintiff, and gave judgment for the plaintiff " on the said note, for the sum of," &c.

*Williams*, for the plaintiff.

*W. Van Ness*, contra.

*Per Curiam.* The judgment ought to have been " on hearing the proofs and allegations"* of the par- ties. The judgment must, therefore, be reversed, for it was error in the justice to give judgment till he had proof of the note.

* 1 *Rev. Laws*, 497.

## The People v. the Judges of the Court of Common Pleas in and for the County of Washington.

EMOTT moved for an attachment against the de- fendants for not obeying a peremptory *mandamus*, commanding them to sign a bill of exceptions.† The affidavit did not state the service to have been when the court was sitting, or the persons on whom made.

† See *Caines' Rep. vol. 1.* p. 511.

*Champlin*, for these reasons, objected to the appli- cation.